## WALDRON v. PAYNE, Director General of Railroads.

(Circuit Court of Appeals, Fourth Circuit.   December 28, 1921.)

No. 1928.

1. **Railroads** &wkey;278(2)—**Shipper's employee not required to examine brakes on car furnished.**

The failure of a colliery employee to examine the brakes on a car before loading it, as instructed by his employer, though such examination would have revealed the defect therein, and the danger to him of using the car, did not prevent a recovery against the carrier furnishing the car with the defective brake to the employer, as the carrier could not impose the duty of examination and inspection on the person to whom it furnished the car or his employee.

2. **Railroads** &wkey;275(4)—**Liable for injury to employee of shipper from defective car.**

Where there was no emergency, and no external force preventing a carrier from performing its duty to inspect and furnish a reasonably safe brake on a car furnished a colliery company, whose employee was injured in using the car, such duty would not be affected by its lack of ability and capacity to have all its cars inspected.

3. **Railroads** &wkey;282(4)—**Evidence as to condition of car after accident admissible.**

In an action against a carrier for injuries sustained by a colliery employee from a defective brake on the car which he was loading, evidence as to the condition of the brake after the accident was properly admitted, where it was not a necessary inference that such condition was due to collision with another car after the accident.

In Error to the District Court of the United States for the Southern District of West Virginia, at Bluefield; Edmund Waddill, Jr., Judge.

Action by Earl Waldron against John Barton Payne, Director General of Railroads, as Agent.   Judgment for defendant, and plaintiff brings error.   Reversed.

G. W. Howard, of Welch, W. Va., and Joseph M. Sanders, of Bluefield, W. Va., for plaintiff in error.

F. M. Rivinius, of Philadelphia, Pa., and Graham Sale and J. Randolph Tucker, both of Welch, W. Va., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge.   The plaintiff, an employee of the Solvay Collieries Company, sued the Director General of Railroads for loss of his arm in the operation of a coal car, on the ground that the injury was due to a defective brake on the car.   The car was furnished by the Director General of Railroads to the Solvay Collieries Company. After the first trial this court reversed the judgment for error of the District Court in directing a verdict for the defendant.   On the second trial the jury again returned a verdict for the defendant, and the case is here on error assigned in the exclusion of testimony and in the instructions to the jury.

[1] There is little dispute as to the facts, which are fully set out in the former opinion.   266 Fed. 196.   It was therein held that a carrier

could not exempt itself from liability for injury to an employee of the person to whom it furnished a car, due to its negligence in furnishing a defective car, by imposing the duty of examination or inspection on the person to whom it had furnished the car or his employee.   Contrary to this statement of the law the District Judge, in the following instruction, placed the duty of examination of the car on the plaintiff:

> "The court instructs the jury that if you believe from the evidence in this case that the plaintiff had been instructed to examine the brakes on all cars before loading them at this tipple and to drop through the cars with bad brakes unless there was a shortage of cars, and that there was no shortage of cars on the day in question, and if you further believe that the plaintiff failed to make such an examination of the cars, and that such an examination as was covered in his instructions would have revealed to the plaintiff the alleged defect in the brakes and the danger to him in using the car, then you must find for the defendant."

[2] The following instruction was also erroneous:

> "The court instructs the jury that, in determining what is a reasonable inspection of the brakes, the jury can consider the nature and kind of work done by the defendant, and his ability and capacity to have the cars inspected.   The defendant in this case owed to the public the duty to carry on the business of a common carrier, and it was not his duty to have any method or system of inspection that would materially interfere with or prevent the performance of his public duty, even though such another method might have discovered any defect in said brake, if the jury believed there was a defect."

There was no emergency, and no external force which prevented the performance of the defendant's duty to inspect and to furnish a reasonably safe brake.   This duty is imposed on all railroads and cannot be affected by pleading the lack of ability or capacity to perform it.

[3] The District Judge struck out the testimony of two witnesses as to the condition of the brake after the accident.   It may be that the defective condition found by these witnesses was due to the collision of the car with another car after the accident, but that was not a necessary inference.   The evidence was competent to go to the jury for what it was worth.   The nature of the defect and the probable effect of the collision were matters to be determined by the jury.

Reversed.